1

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                      **FOR THE DISTRICT OF ARIZONA**

8

**ALPHONSO DeCARLOS MYLES,**          )
9                                      )
            **Petitioner,**            )    **CIV 08-1482 PHX MHM (MEA)**
10                                     )
            **v.**                     )    **REPORT AND RECOMMENDATION**
11                                     )
**WARDEN PALOSAARI, et al.,**          )
12                                     )
            **Respondents.**           )
13    _____ )

14   **TO THE HONORABLE MARY H. MURGUIA:**

15           Petitioner filed a *pro se* petition for a writ of habeas

16   corpus pursuant to 28 U.S.C. § 2254 on August 11, 2008.

17   Respondents filed an Answer to Petition for Writ of Habeas

18   Corpus ("Answer") (Docket No. 9) on November 20, 2008.

19   Petitioner filed a reply (Docket No. 10) to the answer on

20   December 22, 2008.

21           **I Procedural background**

22           On June 16, 2003, a man riding a bicycle in Phoenix was

23   shot multiple times by an unknown assailant; Petitioner was

24   apprehended nearby that same night and questioned in connection

25   with the crime. <u>See</u> Answer, Exh. X.

26           On June 26, 2003, in grand jury proceedings in Maricopa

27   County in CR2003-016060, a prosecutor presented an investigation

28   involving an "alleged aggravated assault and misconduct

involving weapons" regarding the events of June 16, 2003.  Id.,
Exh. X.  The grand jury voted a true bill against Petitioner for
those crimes.  Id., Exh. X.  Accordingly, Petitioner was charged
by indictment with one count of aggravated assault and one count
of weapons misconduct.  Id., Exh. Y at 2.

On August 8, 2003, a hearing was conducted regarding
Petitioner's potential acceptance of a plea agreement to the
charges of weapons misconduct and aggravated assault.  See
Petition, Attach.; Answer, Exh. X.  Petitioner's counsel at that
time, Mr. Jolly, informed the trial court that Petitioner had
decided not to accept the proffered plea agreement, providing
for a sentence of twelve years imprisonment.  See Answer, Exh.
X at 3. Petitioner indicated at the August 8 hearing that he
knew that, if he did not plead guilty in that case at that time,
the state intended to dismiss the original indictment and re-
file more serious charges against Petitioner.  See id., Exh. X
at 3-4.

The trial court addressed Petitioner directly at that
time, noting a prior conversation between the court and
Petitioner about the plea agreement and stating "it wasn't a
terribly good plea offer as I recall."  Id., Exh. X at 4.  The
trial court also stated: "You probably would done as well if you
pled to the charge without the plea agreement.  If they dismiss
and refile it, you are looking at a more serious charge, and
that opportunity will have come and gone.(sic)"  Id., Exh. X at
4.  Petitioner chose not to plead guilty at that time.  Id.,
Exh. X at 4.

- 2 -

In an indictment issued by a grand jury on September 5, 2003, in Maricopa County Superior Court docket number CR2003-020303, Petitioner was again accused of the crimes occurring on June 16, 2003, i.e., shooting an adult male multiple times while the man was riding a bicycle on a Phoenix city street.  _Id._, Exh. A & Exh. B.  The indictment charged Petitioner with one count of attempted first-degree premeditated murder or, in the alternative, attempted second-degree murder.  _Id._, Exh. B.  The indictment also charged Petitioner with one count of aggravated assault.  _Id._, Exh. B.  On September 26, 2003, the state alleged Petitioner had previously been convicted of a felony.  _Id._, Exh. I at 1.

On February 9, 2004, a pretrial hearing was conducted at which Petitioner was offered a plea agreement exposing him to a term of fifteen years imprisonment.  _Id._, Exh. X.  Petitioner was represented by different counsel, Ms. Hernandez, at that time.  The state trial judge conducting the hearing informed Petitioner that the jury could be informed he had a prior felony conviction and that "[a] judge could consider it at the time of sentencing."  _Id._, Exh. X at 6.  Petitioner stated he was not interested in the plea agreement and asked to be provided transcripts of the grand jury proceedings.  _Id._, Exh. X at 9-10. After conferring with his counsel at the court's urging, however, Petitioner asked to think about the plea offer overnight.  _Id._, Exh. X at 10-13.  Petitioner did not accept the plea offer.

- 3 -

Petitioner's trial lasted for four days. See id., Exh. H & Exh. I. The victim testified at the trial that Petitioner was the person who shot him. Id., Exh. I. The state alleged Petitioner shot the victim at least once and then, after the victim fell to the ground, Petitioner stood over the victim and shot him at least one more time. Id., Exh. I. Additionally, the jury heard testimony that Petitioner was apprehended near the scene of the crime in a vehicle described by witnesses as that driven by the shooter, that Petitioner had gunpowder residue on his hands, and that the gun used to shoot the victim was located in the car Petitioner was driving when apprehended. Id., Exh. I.

On February 24, 2004, the jury returned a verdict finding Petitioner guilty of attempted first degree murder and guilty of aggravated assault. Id., Exh. D. The jury also found the offenses were dangerous. Id., Exh. D.

On April 26, 2004, Petitioner was sentenced to an aggravated term of 15 years imprisonment pursuant to his conviction for attempted murder and a concurrent aggravated term of 10 years imprisonment pursuant to his conviction for aggravated assault. Id., Exh. E. Petitioner was given credit for 315 days of presentence incarceration. Id., Exh. E.

At the sentencing hearing the prosecutor argued for a harsh sentence citing, inter alia, the fact that Petitioner had a prior felony conviction for possession of a controlled substance while also in possession of a firearm. Id., Exh. E at 6. The prosecutor also cited the fact that Petitioner had been

imprisoned for violating his probation on that conviction.  _Id._,
Exh. E at 6.   The prosecutor also averred Petitioner was a
"prohibited possessor," and that the original charges against
Petitioner had "included misconduct involving weapons.   The
State ended up not refiling those due to just the cost of having
to bring in a California civil rights restoration clerk to come
back to testify his rights hadn't been restored...."  _Id._, Exh.
E at 7.

Petitioner filed a timely direct appeal of his
convictions and sentences.  _Id._, Exh. F.  In his direct appeal
Petitioner asserted he was entitled to re-sentencing because he
was sentenced to an aggravated term of imprisonment based on
factual findings made by the trial court rather than the jury.
_Id._, Exh. I.  In a decision entered May 22, 2005, the Arizona
Court of Appeals affirmed Petitioner's convictions and
sentences.  _Id._, Exh. K.   The appellate court concluded
Petitioner's claim for relief was without merit because
Petitioner's sentence was aggravated due to a prior conviction.
_Id._, Exh. K.  The appellate court also concluded no reasonable
juror could have failed to find Petitioner's crime "senseless"
and that the victim of the crime suffered permanent injury and
emotional harm.  _Id._, Exh. K.  Accordingly, the Arizona Court of
Appeals concluded, any imposition of an aggravated term of
imprisonment was harmless error.  _Id._, Exh. K.

Petitioner sought review of the Court of Appeals'
decision by the Arizona Supreme Court, which summarily denied
review on October 31, 2005.  _Id._, Exh. N & Exh. O.

Petitioner filed a notice of his intent to seek post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure, on May 3, 2004, during the pendency of his direct appeal.  Id., Exh. H.  Petitioner moved to dismiss this action without prejudice on July 1, 2004.  Id., Exh. P.  On July 5, 2004, the state trial court dismissed the post-conviction action.  Id., Exh. Q.

After his direct appeal concluded, on January 13, 2006, Petitioner re-filed his state action for post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure.  Id., Exh. R.  Petitioner was appointed counsel for these proceedings. Id., Exh. S.  Due to a conflict, Petitioner's appointed counsel was replaced on July 31, 2006.  Id., Exh. U.

On September 5, 2006, Petitioner's appointed post-conviction counsel informed the court that she could find no meritorious issues to raise on Petitioner's behalf.  Id., Exh. V.  Petitioner filed a pro per petition for post-conviction relief on April 27, 2007.  Id., Exh. X.  Petitioner asserted his convictions and sentences should be reversed because: (1) he was the victim of prosecutorial vindictiveness; (2) the indictment was both multiplicitous and duplicitous because there was only one victim; (3) his trial, appellate, and post-conviction counsel were all unconstitutionally ineffective; (4) the state suppressed evidence at trial; (5) the victim gave perjured testimony at Petitioner's trial; (6) Petitioner was entitled to have a jury find each factor used to aggravate his sentence. Id., Exh. X & Exh. Y.

On August 16, 2007, the Maricopa County Superior Court denied relief, summarily stating some of Petitioner's claims were precluded and that the remaining claims did not state a colorable claim for relief.  Id., Exh. AA.  On September 11, 2007, Petitioner sought an extension of the time allowed for appealing this decision.[1]  Petitioner filed a motion seeking resolution of the September 11 motion on January 22, 2008.  Id., Exh. CC.  On February 11, 2008, the state trial court denied Petitioner's motion for an extension of the time allowed to seek review of the trial court's decision by the state appellate court.  Id., Exh. DD.

In his federal habeas petition Petitioner alleges he is entitled to relief because his sentence violates his Sixth Amendment rights, i.e., his sentence was predicated on facts found by a judge and not a jury (Ground I).  See Docket No. 1. Petitioner also alleges his Fourteenth Amendment right to due process of law was violated because the prosecution was vindictive; Petitioner asserts the indictment was amended to include more serious charges because he refused to accept a plea deal (Ground II).  Petitioner further contends that his Fifth Amendment right to be free of double jeopardy was violated because his crime involved only one victim and because the indictment was amended to alter the initial charges against him to more serious charges (Ground III).  Petitioner also maintains

---

[1] Petitioner alleges he sough review of the trial court's denial of Rule 32 relief by the Court of Appeals in a petition for review filed "11/07," which is not reflected in the docket of the case provided by Respondents.  See Petition; Answer at 13.

he was denied his right to the effective assistance of trial counsel because counsel did not meet with him and because his trial and appellate counsel did not assert his right to be free of a multiplicitous and duplicitous indictment (Ground IV).

## II Relevant law

### A. Exhaustion

Absent particular circumstances, the District Court should not entertain the merits of a petition for a writ of habeas corpus before the petitioner's state remedies have been "exhausted." See 28 U.S.C. § 2254(b) & (c) (2006 & Supp. 2008).[2] Although it may deny relief on the merits of an unexhausted claim, the District Court may not grant federal habeas relief on the merits of a claim which has not been exhausted in the state courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991).

To properly exhaust a federal habeas claim the petitioner must afford the state courts the opportunity to rule upon the merits of the constitutional claim by "fairly

---

[2]
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
28 U.S.C.A. § 2254(b)(1) (2006 & Supp. 2008).

presenting" the claim to the state's "highest" court in a procedurally correct manner. <u>See</u>, <u>e.g.</u>, <u>Castille v. Peoples</u>, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); <u>Rose v. Palmateer</u>, 395 F.3d 1108, 1110 (9th Cir. 2005). The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief. <u>See</u> <u>Swoopes v. Sublett</u>, 196 F.3d 1008, 1010 (9th Cir. 1999). <u>See</u> <u>also</u> <u>Crowell v. Knowles</u>, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007) (providing a thorough and well-reasoned discussion of what constitutes the "highest court" in Arizona for purposes of exhausting a non-capital conviction or sentence).

### B. Procedural default

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure" in the state courts. 28 U.S.C. § 2254(c) (1994 & Supp. 2008). Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file their action for federal habeas relief, it is satisfied if the petitioner is procedurally barred from pursuing their claim in the state courts. <u>See</u> <u>Woodford v. Ngo</u>, 548 U.S. 81, 92-93, 126 S. Ct. 2378, 2387 (2006); <u>Castille</u>, 489 U.S. at 351, 109 S. Ct. at 1060. If it is clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's "procedural default" of

the claim.  <u>See</u>, <u>e.g.</u>, <u>Woodford</u>,  548 U.S. at 92-93, 126 S. Ct. at 2387.

Procedural default occurs when a petitioner has never presented a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including state rules regarding waiver and the preclusion of claims.  <u>See</u> <u>Castille</u>, 489 U.S. at 351-52, 109 S. Ct. at 1060; <u>Tacho v.</u> <u>Martinez</u>, 862 F.2d 1376, 1378 (9th Cir. 1988).  Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule.  <u>See</u>, <u>e.g.</u>, <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594-95 (1991); <u>Coleman</u>, 501 U.S. at 727-28, 111 S. Ct. at 2553-57; <u>Ellis v. Armenakis</u>, 222 F.3d 627, 632 (9th Cir. 2000); <u>Szabo v. Walls</u>, 313 F.3d 392, 395 (7th Cir. 2002).

Because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and the preclusion of claims bar Petitioner from now returning to the state courts to exhaust any unexhausted federal habeas claims, Petitioner has exhausted, but procedurally defaulted, any claim not previously fairly presented to the Arizona Court of Appeals in a procedurally correct manner.  <u>See</u> <u>Insyxiengmay v. Morgan</u>, 403 F.3d 657, 665 (9th Cir. 2005); <u>Beaty v. Stewart</u>, 303 F.3d 975, 987 (9th Cir. 2002).  <u>See also</u> <u>Stewart v. Smith</u>, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002) (holding Arizona's state rules regarding the waiver and procedural default of claims raised in attacks on

criminal convictions are adequate and independent state grounds for affirming a conviction and denying federal habeas relief on the grounds of a procedural bar); Ortiz v. Stewart, 149 F.3d 923, 931-32 (9th Cir. 1998).

### C. Cause and prejudice

Federal habeas relief based on a procedurally defaulted claim is barred unless the petitioner can demonstrate a fundamental miscarriage of justice will occur if the Court does not consider the merits of the claim, or cause and actual prejudice to excuse their default of the claim. See House v. Bell, 547 U.S. 518, 535-36, 126 S. Ct. 2064, 2076 (2006); Dretke v. Haley, 541 U.S. 386, 392-93, 124 S. Ct. 1827, 1852 (2004).

"Cause" is a legitimate excuse for the petitioner's procedural default of the claim and "prejudice" is actual harm resulting from the alleged constitutional violation. See Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). To demonstrate cause, a petitioner must show the existence of some external factor which impeded his efforts to comply with the state's procedural rules. See Vickers v. Stewart, 144 F.3d 613, 617 (9th Cir. 1998); Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir. 1996). To establish prejudice, the petitioner must show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting his criminal proceedings with constitutional violations. See Vickers, 144 F.3d at 617; Correll v. Stewart, 137 F.3d 1404, 1415-16 (9th Cir. 1998). Establishing prejudice requires a petitioner to prove that, "but for" the alleged constitutional violations, there is a

reasonable probability he would not have been convicted of the same crimes. See Manning v. Foster, 224 F.3d 1129, 1135-36 (9th Cir. 2000); Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999). Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause. See Engle v. Isaac, 456 U.S. 107, 134 n.43, 102 S. Ct. 1558, 1575 n.43 (1982); Thomas, 945 F.2d at 1123 n.10.

Allegedly ineffective assistance of appellate counsel does not establish cause for the failure to properly exhaust a habeas claim in the state courts unless the specific Sixth Amendment claim providing the basis for cause was itself properly exhausted. See Edwards v. Carpenter, 529 U.S. 446, 451, 120 S. Ct. 1587, 1591 (2000); Tacho, 862 F.2d at 1381; Deitz v. Money, 391 F.3d 804, 809 (6th Cir. 2004)("[a]ttorney error does not constitute cause to excuse a procedural default unless counsel's performance was constitutionally deficient."). See also Coleman, 501 U.S. at 755, 111 S. Ct. at 2567 ("We reiterate that counsel's ineffectiveness will constitute cause only if it is an independent constitutional violation").

Review of the merits of a procedurally defaulted habeas claim is required if the petitioner demonstrates review of the merits of the claim is necessary to prevent a fundamental miscarriage of justice. See Dretke, 541 U.S. at 393, 124 S. Ct. at 1852; Schlup v. Delo, 513 U.S. 298, 316, 115 S. Ct. 851, 861 (1995); Murray v. Carrier, 477 U.S. 478, 485-86, 106 S. Ct. 2639, 2649 (1986). A fundamental miscarriage of justice occurs

1  only when a constitutional violation has probably resulted in
2  the conviction of one who is factually innocent.  See Murray,
3  477 U.S. at 485-86, 106 S. Ct. at 2649; Thomas v. Goldsmith, 979
4  F.2d 746, 749 (9th Cir. 1992).

5  **D. Standard of review with regard to properly exhausted**
6  **claims for relief**

7  The Court may not grant a writ of habeas corpus to a
8  state prisoner on a claim adjudicated on the merits in state
9  court proceedings unless the state court reached a decision
10  contrary to clearly established federal law, or one involving an
11  unreasonable application of clearly established federal law, or
12  unless the state court's decision was based on an unreasonable
13  determination of the facts in light of the evidence presented in
14  the state proceeding.  See 28 U.S.C. § 2254(d) (1994 & Supp.
15  2008); Panetti v. Quarterman, 127 S. Ct. 2842, 2858 (2007);
16  Carey v. Musladin, 549 U.S. 70, 74-75, 127 S. Ct. 649, 653
17  (2006); Rompilla v. Beard, 545 U.S. 374, 390, 125 S. Ct. 2456,
18  2467-68 (2005); Cook v. Schriro, 516 F.3d 802, 816 (9th Cir.
19  2008).

20  United States Supreme Court holdings at the time of the
21  state court's decision are the source of "clearly established
22  federal law" for the purpose of federal habeas review.  Williams
23  v. Taylor, 529 U.S. 362, 412, 120 S. Ct. 1495, 1523 (2000);
24  Barker v. Fleming, 423 F.3d 1085, 1093 (9th Cir. 2005).  The
25  Court must decide whether the United States Supreme Court has
26  "clearly established" the point of law Petitioner relies upon as
27  a basis for habeas relief by examining the holdings of the

28

Supreme Court, rather than the opinions of the lower courts or the Supreme Court's dicta. See Carey, 549 U.S. at 74-75, 127 S. Ct. at 653.

Unless United States Supreme Court precedent has clearly established a rule of law, the writ will not issue based on a claimed violation of that rule, see Alvarado v. Hill, 252 F.3d 1066, 1069 (9th Cir. 2001), because federal courts are "without the power" to extend the law beyond Supreme Court precedent. See Dows v. Wood, 211 F.3d 480, 485 (9th Cir. 2000). If the United States Supreme Court has not addressed the issue raised by Petitioner in its holdings, the state court's adjudication of the issue cannot be contrary to, or an unreasonable application of, clearly established federal law. See Stenson v. Lambert, 504 F.3d 873, 881 (9th Cir. 2007), citing Kane v. Espitia, 546 U.S. 9, 10, 126 S. Ct. 407, 408 (2006). Therefore, if the issue raised by the petitioner "is an open question in the Supreme Court's jurisprudence," the Court may not issue a writ of habeas corpus on the basis that the state court unreasonably applied clearly established federal law by rejecting the precise claim presented by the petitioner. Cook, 516 F.3d at 818, quoting Carey, 549 U.S. at 75, 127 S. Ct. at 654; Crater v. Galaza, 491 F.3d 1119, 1123 (9th Cir. 2007), cert. denied, 128 S. Ct. 2961 (2008).

When more than one state court has adjudicated a claim, the Court must analyze the last "reasoned" decision to determine if the state's denial of relief on the claim was clearly contrary to federal law. See Barker, 423 F.3d at 1091-92 & n.3.

When there is no "reasoned" state court decision explaining the state's denial of a claim presented in a federal habeas petition, the District Court must perform an independent review of the record to ascertain whether the state court's decision summarily denying the claim was objectively reasonable. See Medley v. Runnels, 506 F.3d 857, 863 & n.3 (9th Cir. 2007), cert. denied, 128 S. Ct. 1878 (2008); Stenson, 504 F.3d at 890; Pham v. Terhune, 400 F.3d 740, 742 (9th Cir. 2005). If the Court determines that the state court's decision was contrary to clearly established law, the Court must review whether Petitioner's constitutional rights were violated, i.e., the state's ultimate denial of relief, without the deference to the state court's decision that the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") otherwise requires. See Frantz v. Hazey, 513 F.3d 1002, 113-15 (9th Cir. 2008). See also Larson v. Palmateer, 515 F.3d 1057, 1061-62 (9th Cir. 2008).[3] With regard to his entitlement to federal habeas relief, Petitioner bears the burden of proving his constitutional rights were

---

[3]

> Under AEDPA, a federal court is permitted to grant habeas relief only if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). ... If the state court reaches the merits without providing reasoning for us to review, however, "we independently review the record to determine whether the state court clearly erred in its application of Supreme Court law." Brazzel v. Washington, 491 F.3d 976, 981 (9th Cir. 2007) (internal quotation marks omitted).

Larson v. Palmateer, 515 F.3d 1057, 1061-62 (9th Cir. 2008).

violated.  See, e.g., Cook, 516 F.3d at 816.

Additionally, a section 2254 writ of habeas corpus is available only when there has been a transgression of federal law binding on state courts.  See Engle v. Isaac, 456 U.S. 107, 119, 102 S. Ct. 1558, 1567 (1982); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985).  Habeas relief may not be premised on the mere allegation that something in the state court proceedings was contrary to general notions of fairness; the United States Constitution must specifically protect against the alleged unfairness before the petitioner may obtain relief.  See Engle, 456 U.S. at 119, 102 S. Ct. at 1567; Middleton, 768 F.2d at 1088.

**III. Analysis of Petitioner's claims for relief**

**A. Petitioner alleges he is entitled to relief because his sentence violates his Sixth Amendment rights.**

Petitioner raised this claim in his direct appeal and the Arizona Court of Appeals concluded Petitioner was not entitled to relief on the merits of this claim.  Respondents allow the claim was properly exhausted and contend the Arizona state court's decision was not clearly contrary to established federal law.

Petitioner was convicted of attempted first degree murder and aggravated assault.  The trial court sentenced Petitioner to an aggravated term of 15 years imprisonment on the attempted first degree murder conviction and a concurrent sentence of 10 years imprisonment on the aggravated assault conviction.  Answer, Exh. E.

At Petitioner's sentencing hearing, Petitioner's counsel allowed that Petitioner has a prior felony history. The sentencing court stated:

> There are aggravating factors here, the prior felony convictions, the senselessness of this crime is an aggravating factor, the facts that the victim suffered injuries which are permanent in nature, and the emotional harm to the victim. I have considered those in my sentence.

Id., Exh. E at 15-16.

When rejecting the claim that his sentence was aggravated based on factors not found by a jury, the Arizona Court of Appeals noted that, pursuant to state statutes, Petitioner's sentence could be aggravated "'within the range prescribed under this subsection pursuant to the terms of § 13-702, subsections B, C, and D.'" Id., Exh. K at 5. The Arizona Court of Appeals "agree[d] that the jury did not make any specific findings regarding aggravating factors, and the judge imposed an aggravated sentence." Id., Exh. K at 6. However, the Arizona Court of Appeals concluded the error was harmless because no reasonable jury could fail to find the aggravating factors relied upon by the sentencing court when aggravating the sentence. The Arizona Court of Appeals further found that Petitioner's sentence was aggravated by a prior felony conviction which was "not subject to the rules of Apprendi or Blakely, meaning it was not error, let alone harmless error, for the trial court to rely on those convictions as aggravating factors." Id., Exh. K at 7.

- 17 -

The state appellate court's decision was not clearly contrary to nor an unreasonable application of federal law. Petitioner's sentence was aggravated, *inter alia*, based on the fact of his prior conviction.   The fact that Petitioner's sentence was aggravated by a prior felony conviction, which expanded the permissible statutory sentencing range, and that he admitted this conviction, removes Petitioner's circumstance from the umbrella of both <u>Apprendi</u> and <u>Blakely</u>.[4]   See <u>Hughes v. Harrison</u>, 129 Fed. App. 340, 341 (9th Cir. 2005); <u>Stevenson v. Lewis</u>, 116 Fed. App. 814, 815 (9th Cir. 2004) ("<u>Apprendi</u> carved out a "narrow exception" for sentence enhancements based on "the fact of a prior conviction.").   The Arizona courts have interpreted <u>Blakely</u> to allow for the imposition of an aggravated sentence based upon non-<u>Blakely</u>-compliant factors if at least one aggravating factor is compliant with <u>Blakely</u>.   See <u>Arizona</u>

---

[4]

> Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. [] Here, only the existence of a prior conviction is at issue, and Petitioner has no federal right to have a jury decide that question. .... The Constitution permits prior convictions to be used to enhance a sentence, without being submitted to a jury, so long as the convictions were themselves obtained in proceedings that required the right to a jury trial and proof beyond a reasonable doubt. <u>Apprendi</u>, 530 U.S. at 488, 120 S. Ct. 2348 []. There is no suggestion that Petitioner's [] conviction was obtained without the requisite procedural safeguards. Thus, we reject Petitioner's claim that his sentence violated <u>Apprendi</u>.

<u>Davis v. Woodford</u>, 446 F.3d 957, 963 (9th Cir. 2006).

v. Martinez, 210 Ariz. 578, 115 P.3d 618 (2005); Arizona v. Henderson, 210 Ariz. 561, 115 P.3d 601 (2005).  The sentencing in Martinez was upheld upon review by the United States Supreme Court.  See Martinez v. Arizona, 546 U.S. 1044, 126 S. Ct. 762, (2005).

**B.  Petitioner also alleges his Fourteenth Amendment right to due process of law was violated because the prosecution was vindictive; Petitioner asserts the indictment was amended to include more serious charges because he refused to accept a plea deal (Ground II).**

Petitioner raised this issue in his first state action for post-conviction relief.  In a decision issued August 13, 2007, the state trial court summarily concluded the claim was precluded or not colorable.

Petitioner did not timely seek review of this decision by the Arizona Court of Appeals.  Therefore, Petitioner failed to properly exhaust this claim in the state courts by raising to the state's "highest court."

In reply to Respondents assertion that he procedurally defaulted some of his federal habeas claims in the state courts, Petitioner contends he did not properly exhaust his claims because the Arizona trial court did not grant his properly-filed motion for an extension of time to appeal the decision denying Rule 32 relief to the Arizona Court of Appeals.  Petitioner also asserts that his direct appeal contained only a Blakely claim regarding the validity of his sentence because he accepted the limitation of his appeal to this single issue as because it was

the advice of his appointed appellate counsel.

Petitioner has not shown cause for, nor prejudice arising from his procedural default of the claim.  Neither has Petitioner established a fundamental miscarriage of justice will occur if the merits of the claim are not considered.

Additionally, Petitioner's claim may be rejected on the merits because the re-indictment of a defendant after his rejection of a plea offer, without other evidence of animus, is not prosecutorial vindictiveness or a violation of due process. See Bordenkircher v. Hayes, 434 U.S. 357, 364-65, 98 S. Ct. 663, 668-69 (1978); Adamson v. Ricketts, 758 F.2d 441, 448 (9th Cir. 1985), rev'd on other grounds by Walton v. Arizona, 497 U.S. 639, 110 S. Ct. 3047 (1990).  See also Williams v. Bartow, 481 F.3d 492, 501-02 (7th Cir. 2007).

**C. Petitioner further contends that his Fifth Amendment right to be free of double jeopardy was violated because his crime involved only one victim and because the indictment was amended to alter the initial charges against him to more serious charges (Ground III).**

Petitioner raised this issue in his first state action for post-conviction relief.  The state trial court summarily concluded the claim was precluded or not colorable.

Petitioner did not timely seek review of this decision by the Arizona Court of Appeals.  Therefore, Petitioner failed to properly exhaust this claim in the state courts by raising to the state's "highest court."  Petitioner has not shown cause for, nor prejudice arising from his procedural default of the

claim.   Additionally, Petitioner has not shown a fundamental miscarriage of justice in this regard because this claim asserts Petitioner's legal, as opposed to factual, innocence of the crimes of conviction.   Accordingly, relief may not be granted on the merits of the claim.

**D.   Petitioner asserts that he was denied his right to the effective assistance of trial, appellate, and post-conviction counsel.**

Petitioner raised ineffective assistance of trial and appellate counsel claims in his state action for post-conviction relief.   The state trial court found the claims were not colorable, a decision Petitioner did not timely appeal to the state Court of Appeals.   Accordingly, Petitioner procedurally defaulted this claim in the state courts.

Petitioner has not shown cause for, nor prejudice arising from his procedural default of his ineffective assistance of trial and appellate counsel claims.   Petitioner did not properly exhaust an ineffective assistance of appellate counsel claim in the state courts and, accordingly, the assertion that his appellate counsel was ineffective does not provide cause for Petitioner's failure to timely raise an ineffective assistance of trial counsel claim.

Additionally, there is no constitutional right to the effective assistance of post-conviction counsel and, accordingly, this allegation does not provide cause for Petitioner's failure to properly exhaust his ineffective assistance of trial and appellate counsel claims nor is it a

claim cognizable on federal habeas review.

Furthermore, Petitioner has not established that a fundamental miscarriage of justice will occur if the Court does not consider the merits of his ineffective assistance of trial and appellate counsel claims. Petitioner has not shown constitutional error occurred during his trial, resulting in the conviction of one who is actually innocent.

**IV Conclusion**

Petitioner properly exhausted his Sixth Amendment sentencing claim by presenting it to the Arizona Court of Appeals in his direct appeal. However, the state court's decision that Petitioner's federal constitutional rights were not violated as he asserts was not contrary to, nor an unreasonable application of federal law. Petitioner procedurally defaulted his other claims in the state courts by not properly presenting them to the Arizona Court of Appeals in a procedurally correct manner. Petitioner has not shown cause for, nor prejudice arising from his procedural default of these claims and, accordingly, relief may not be granted on the merits of the claims.

**IT IS THEREFORE RECOMMENDED that** Mr. Myles' Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district

court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 26th day of January, 2009.


_____
Mark E. Aspey
United States Magistrate Judge